# EXHIBIT 1

STATE OF OKLAH[OMA]
CLEVELAND COUNTY } S.S.
FILED

JUL 1 1 2022

In the office of the
Court Clerk MARILYN WILLIAMS

## IN THE DISTRICT COURT OF CLEVELAND COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| BURGUNDY LANE, L.L.C. d/b/a MIKE'S AUTOMOTIVE SERVICE CENTER, ) ) ) ) Plaintiff, ) ) vs. ) ) FEDERATED MUTUAL INSURANCE ) COMPANY, ) ) Defendant. ) ) | Case No. CJ-22-770 (MT) ATTORNEYS' LIEN CLAIMED JURY TRIAL DEMANDED |

### PETITION

COMES NOW Plaintiff, Burgundy Lane, L.L.C., d/b/a Mike's Automotive Service Center (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and brings this action against Defendant, Federated Mutual Insurance Company, (hereinafter referred to as "Defendant" and/or "FMIC"), and alleges the following:

1. Burgundy Lane, L.L.C., d/b/a Mike's Automotive Service Center is a domestic limited liability company with its principal place of business in Cleveland County, State of Oklahoma, and at all times relevant hereto, owned real property in Cleveland County, State of Oklahoma.

2. Upon information and belief, Defendant is a for-profit foreign insurance company headquartered in the State of Minnesota that systematically does business in the State of Oklahoma.

3. Jurisdiction and venue are proper in this Court, wherein this action accrued and where the subject property is located.

### FACTUAL BACKGROUND

4. Plaintiff reincorporates and realleges each and every allegation in the preceding

paragraphs as if fully set forth herein.

5. At all times material hereto, in consideration for premiums paid by Plaintiff, there was in full force and effect a policy of insurance issued by Defendant to Plaintiff, bearing policy number 6084400 (hereinafter referred to as the "Policy").

6. Under the terms of the Policy, Defendant agreed to insure Plaintiff against certain losses to Plaintiff's property, located at 1024 SW 119th Street, Oklahoma City, OK 73170 (hereinafter referred to as the "Property").

7. On or about July 11, 2020, when the above-referenced insurance policy was in full force and effect, Plaintiff suffered a covered loss to the Property when a severe storm caused storm damage to the Property.

8. The Policy insured the Property against the type of loss and damage suffered.

9. Plaintiff made a timely claim for loss under the policy and were assigned loss number 564465 to this loss (hereinafter referred to as the "Claim").

10. Despite demand for payment pursuant to the covered loss under the Policy, Defendant has failed and refused to pay the full benefits necessary to repair the Property, has failed to pay to repair or replace those items which were specifically damaged as a result of this loss, and has substantively denied specific and explicit coverage provisions of the Policy.

11. Under the terms of the Policy, Defendant is liable to Plaintiff for the total amount of the loss, within the Policy limits, less any applicable deductible.

12. Defendant refuses to acknowledge the covered damages or the extent of the damages to Plaintiff's Property.

13. Defendant has refused to pay the full amount owed under the Policy.

14. Defendant also misrepresented to Plaintiff the severity and extent of the storm

damage by conducting its investigation and evaluation to total less than Plaintiff's deductible. Defendant intentionally misrepresented the covered losses to Plaintiff in the denial of the Claim.

15. At all times material, Defendant had a contractual duty to Plaintiff, including but not limited to, promptly and fairly investigate, evaluate, and pay the Claim. Defendant has breached the Policy by failing to promptly and fairly investigate the Claim and by wrongfully refusing to pay the covered damages to the Property pursuant to the Policy.

16. The insured Plaintiff has suffered, and continues to suffer, damages resulting from Defendant's breach of the Policy.

17. Plaintiff was forced to hire a public adjuster and conduct its own investigation, evaluation and inspection of the damage to its Property. Thereafter, Defendant refused to consider these findings and reports in its evaluation of Plaintiff's Claim.

18. As a result of Defendant's acts and omissions, Plaintiff has suffered losses in an amount exceeding $225,048.67.

## BREACH OF CONTRACT

19. Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

20. The Policy constitutes a valid and binding contract between Plaintiff and Defendant.

21. Plaintiff timely paid Defendant the owed Policy premiums.

22. In exchange for the Policy premiums, Defendant agreed to provide Plaintiff insurance coverage to Plaintiff's Property.

23. On or about July 11, 2020, when the above-referenced insurance policy was in full force and effect with all premiums paid, Plaintiff suffered a covered loss under the policy when a

severe storm caused damage to the Property.

24. Plaintiff has fully performed under the Policy and has demanded that Defendant perform, however Defendant has refused to perform and has materially breached the Policy.

25. Plaintiff has satisfied all pre-loss and post-loss duties under the Policy, including but not limited to:

   a. given prompt notice of the loss to the Defendant as soon as the damages were evident to the Plaintiff;
   b. taking all reasonable steps necessary to protect the Property from further damage; and
   c. making reasonable and necessary repairs, whether temporary or permanent, to protect the Property from further damage.

26. Defendant has committed one or more of the following in contravention to its material obligations under the Policy:

   a. failing to fully and properly investigate and adjust the Claim;
   b. ignoring evidence in its possession which tends to prove Plaintiff's Claim;
   c. conducting its investigation with an intention to deny the Claim;
   d. refusing to pay the full value of the Claim;
   e. issuing an improper denial;
   f. refusing to acknowledge all applicable coverages and provide payment to Plaintiff's pursuant thereto; and
   g. further acts as may be revealed in discovery.

27. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has suffered and continue to suffer actual and consequential damages.

28. Plaintiff has become obligated to engage the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees.

## BAD FAITH

29. Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

30. Pursuant to the Policy, the named insured Plaintiff suffered substantial damage to the Property as a result of the above-referenced storm, a covered loss under the Policy.

31. Defendant refuses to acknowledge the covered loss and refuses to pay Plaintiff the full amount of the covered loss owed under the Policy.

32. Defendant's determination that Plaintiff's Property was not entitled to payment under the Policy is a misrepresentation by Defendant of the covered losses at the Property and a gross undervaluation of the covered losses by Defendant. Plaintiff's Property suffered greater storm-caused damages at the Property which were covered losses. Defendant improperly overlooked these covered losses, mischaracterized the covered losses, and/or intentionally refused to acknowledge the existence of these covered losses in its handling of the Claim.

33. The acts and omissions of Defendant were in direct breach of its duty to deal fairly and in good faith with its insured, Plaintiff, and done for Defendant's own financial benefit.

34. Defendant's breach of its duties towards Plaintiff includes, but is not limited to:

   a. Failing to conduct a full and proper investigation to adjust Plaintiff's Claim;
   b. Conducting an outcome-based investigation with a pre-determined goal to deny coverage;
   c. Failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;
   d. Failing to properly investigate Plaintiff's Claim and to obtain additional information both in connection with the original refusal and following the receipt of additional information;
   e. Withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's Claim for those benefits were valid;
   f. Refusing to honor Plaintiff's Claim in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;
   g. Refusing to honor Plaintiff's Claim in some instances by applying restrictions not contained in the policy;
   h. Refusing to honor Plaintiff's Claim in some instances by knowingly misconstruing and misapplying provisions of the policy;

i. Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of Claims arising under these policies, to include Plaintiff's Claim;
j. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's Claim once liability had become reasonably clear;
k. Forcing Plaintiff, pursuant to its standard Claims practice, to retain counsel in order to secure benefits Defendant knew were payable;
l. Failing to properly evaluate all investigations performed;
m. Refusing to consider the reasonable expectations of the insured;
n. Refusing to consider evidence of the insured Property's pre-loss condition in determining the scope of repair, and denying this Claim;
o. Failure to inform Plaintiff of benefits known to be due to Plaintiff; and
p. Using its unequal wealth and bargaining position to overwhelm and take advantage of Plaintiff, to affect an economic gain for Defendant by not paying amounts to Plaintiff owed by virtue of the Policy.

35. Defendant has a duty to deal fairly and in good faith with its insureds.

36. The actions of Defendant during the handling and adjusting of Plaintiff's Claim are in violation of Defendant's duty of good faith and fair dealing to Plaintiff.

37. Defendant acted in bad faith by refusing to comply with the terms of the Policy.

38. Defendant acted with reckless disregard towards its insureds, Plaintiff, in the handling and adjusting of Plaintiff's Claim. Specifically, Defendant was aware from the outset of the investigation of the full extent of covered losses at the Property pursuant to the storm at issue. Despite this knowledge, Defendant misrepresented and/or failed to acknowledge the actual damages to the Property.

39. Defendant continued to act in bad faith despite receiving new information on the Claim after its initial denial. Despite evidence of covered losses, Defendant intentionally ignored this information and continued to deny Plaintiff's Claims.

40. Defendant breached its duty of good faith and fair dealing under the Policy. As a direct result of the acts and omissions of Defendant, Plaintiff has been damaged in an amount

exceeding $75,000.00.

41. Defendant's acts and omissions forced Plaintiff to file suit, namely this Petition. Plaintiff has incurred damages as a result of this Petition against Defendant.

42. Defendant was aware that Defendant's acts and omissions would cause injury to Plaintiff, yet Defendant knowingly and willfully proceeded in its course of action despite this knowledge.

## DAMAGES

43. Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

44. Plaintiff seeks compensation in the amount of $225,048.67 for actual damages incurred and owed under the Policy.

45. Plaintiff seeks damages in excess of $75,000.00 for Defendant's breach of contract.

46. Plaintiff seeks damages in excess of $75,000.00 for Defendant's breach of its duty of good faith and fair dealing.

47. Defendant FMIC has acted with malice and bad faith and should be punished for the benefit of society and to make an example to others to deter similar conduct in an amount to be determined by a competent jury pursuant to Oklahoma Statutes 23 O.S. § 9.1.

48. Plaintiff is entitled to costs, attorney's fees, and interests per 36 Okla. Stat. §3629 and 12 O.S §§ 936, 940 and 942.

**WHEREFORE,** premises considered, Plaintiff moves for a finding by the Court that Defendant Federated Mutual Insurance Company breached its contractual duty to pay for the full damages caused by the wind and hail storm; violated its duty of good faith and fair dealing and award damages in excess of $75,000.00; that Plaintiff should be awarded the sum not less than $225,048.67 in actual damages, an amount in excess of $75,000.00 for punitive damages; and

amount in excess of $75,000.00 for breach of contract; that an award of attorney fees, costs of litigation and interest is proper; and for such other and further relief as the Court may deem equitable in the circumstances against the Defendant.

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Respectfully Submitted,

*[signature]*

A Laurie Koller, OBA #16857
Ashley H. Leavitt, OBA #32818
Red Dirt Legal, PLLC
2504 E. 21st St., Ste B
Tulsa, OK 74114-1759
(918) 771-2967 (main)
(918) 248-8238 (Fax)
laurie@reddirtlegal.com
ashley@reddirtlegal.com

-and-

Ben Baker, OBA #21475
ben@reddirtlegal.com
Red Dirt Legal PLLC
310 West Main Street, Suite 100
Purcell, Oklahoma 73080
Telephone: (918)771-2967
Facsimile: (405) 527-1549
***Attorneys for Plaintiff***